```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| REBECCA WASHBURN, et al., | CIVIL ACTION NO. 07-2632 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| PROGRESSIVE HALCYON INSURANCE COMPANY, |  |
| Defendant. |  |

**THE COURT** ordering the plaintiffs to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 5, Order to Show Cause); and the Court examining jurisdiction sua sponte in this action to recover damages for breach of an insurance contract (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and the plaintiffs (1) asserting jurisdiction under Section 1332 "by virtue of the parties' diversity of citizenship and the amount in controversy" (Compl., at ¶ 4), and (2) bearing the burden of demonstrating jurisdiction, see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**IT APPEARING** that the defendant insurer issued to the plaintiffs a policy with an "uninsured/underinsured motorists' endorsement of $50,000" (Compl., at ¶¶ 3 & 9); and it appearing that the plaintiff Rebecca Washburn, after sustaining injuries in a car accident, "settled with [the tortfeasor's] insurer in the amount of $14,000, which represents the extent of 'all available

liability insurance' pursuant to controlling law" (id. at ¶¶ 7-8); and the plaintiffs now seeking coverage from the defendant "under the underinsured declaration of the insurance policy" (id. at ¶ 9); and

**IT APPEARING** that the maximum amount of coverage available — and thus the amount in controversy — is either $36,000 or $50,000, depending on the applicable language of the endorsement, see N. River Ins. Co. v. Tabor, 934 F.2d 461, 464 (3d Cir. 1991) (differentiating (1) gap coverage, wherein insured recovers up to limit of underinsured coverage less any recovery from tortfeasor, thus filling gap between tortfeasor's coverage and insured's underinsured coverage, from (2) excess coverage, wherein insured may recover up to limit of underinsured coverage as long as total recovery from all sources does not exceed damages); and

**IT APPEARING** that the award of punitive damages, attorney's fees, and costs sought by the plaintiffs (Compl., at 5-7) is not included in the calculation of the jurisdictional amount under Section 1332 unless the award is available to a successful litigant by a specific state statute or law, see Samuel-Bassett v. Kia Motors Am., 357 F.3d 392, 397-98 (3d Cir. 2004), Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997), see also Hayfield v. Home Depot U.S.A., 168 F.Supp.2d 436, 459 (E.D. Pa. 2001) (stating fees or costs typically excluded when determining whether Section 1332 threshold met); and

**IT APPEARING** that the plaintiffs have not met the amount-in-controversy threshold, as this is not a "matter in controversy exceed[ing] the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus advising the plaintiffs of the intention to dismiss the complaint for lack of jurisdiction unless they demonstrate that the amount in controversy is in excess of $75,000 based on the allegations contained in the complaint (Order to Show Cause, at 3); and the Court advising the plaintiffs to cite to specific state statutes or law in support (id.); and it appearing that the different counts in the complaint are presented in the alternative, and the Court thus directing the plaintiffs to demonstrate that they could recover in excess of $75,000 under one count alone (id. at 3), see Samuel-Bassett, 357 F.3d at 402 (stating there is one recovery for a harm, and thus claims asserted in the alternative cannot be added together to meet threshold); and

**THE PLAINTIFFS** being advised that a dismissal would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the

filing of the federal complaint (Order to Show Cause, at 3-4), see <u>Jaworowski v. Ciasulli</u>, 490 F.3d 331, 333-36 (3d Cir. 2007), <u>Galligan v. Westfield Ctr. Serv.</u>, 82 N.J. 188, 191-95 (1980); and

**THE PLAINTIFFS**, in response, arguing that they have met the threshold because their claims include "Rebecca Washburn's direct claim for $50,000 as well as [her husband] Robert Washburn's derivative loss of consortium claim in the amount of $50,000", for a total of $100,000 (dkt. entry no. 6, Pls. Resp., at 2); but the plaintiffs merely filing a copy of a declaration sheet, which lists coverage for "underinsured motorist <u>bodily injury</u> — stacked — $50,000 each person — $100,000 each accident" (dkt. entry no. 6, Ex. 1, Decl. Sheet (emphasis added)); and

**IT APPEARING** that the plaintiffs' argument is without merit, as it is well settled under New Jersey law, and well put elsewhere, that:

> The husband's Per quod claim is a loss resulting from a single injury suffered by his wife. . . . It matters not how many may legally share in the recovery; the total recovered from the [insurer] cannot exceed the limits of its liability under its contract for injury to one person. . . . The case at bar is one in which, as a result of direct physical injury to one person, another suffers consequential damages in the nature of . . . loss of service or consortium.  In such cases, the contention has frequently been made that for purposes of the limitation of liability clause, the claim for consequential damages should be treated separately from the claim for direct physical injury, and that each claim should be allowed up to the maximum provided for an injury to one person.  This argument has been accepted in cases where the policy spoke in terms of a

> limitation of the amount payable for 'personal injury' to one person, the courts taking the view that this term is broad enough to encompass a claim for injury, personal to the claimant, although flowing from physical injury to another. . . . In these cases, where the limitations on recovery are written in terms of maximum recovery for 'personal injury' to one person, rather than 'bodily injury,' the courts have held that liability for consequential damages suffered by one other than the person directly physically injured, might be treated as a separate claim from the claim for direct physical injury, the purposes of applying the limitation provision, so that there could be recovery for the consequential damages notwithstanding payment of the maximum for the direct injury. . . . However, under policies fixing a maximum recovery for Bodily injury to one person, the limitation is applicable to all claims of damage flowing from such bodily injury, and it is therefore immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries.  All damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation.  The consequential damages of the husband are to be included in the policy limits applicable to one personal injury.

Williams v. State Farm Mut. Auto. Ins. Co., 99 N.J.Super. 377, 379-82 (N.J. Super. Ct. 1968), aff'd, 104 N.J.Super. 403 (App. Div. 1969), aff'd, 54 N.J. 580 (1969); see Harris v. Sec. Ins. Group, 140 N.J.Super. 10, 12-15 (App. Div. 1976) (stating, where $10,000 of uninsured motorist coverage available for bodily injury sustained by one person, wife's recovery for injuries and husband's recovery for derivative claim limited to $10,000 in total, and thus arbitration award for $15,000 total in error); and

**THE PLAINTIFFS** failing to (1) cite to specific state statutes or law in support of their argument, despite the Court's instruction to do so, (2) either annex a copy of the relevant portion of the insurance policy for the Court's review, or argue that the policy provides unique coverage, or (3) address whether the coverage is gap coverage or excess coverage; and thus it appearing that the coverage available here — assuming there is excess coverage, as the plaintiffs have failed to so specify — is at most $50,000 overall, including the derivative claim; and the plaintiffs failing to demonstrate there is jurisdiction here under Section 1332; and

**THE COURT** thus intending to (1) grant the order to show cause, and (2) dismiss the complaint without prejudice to re-commence this action in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** November 5, 2007